Justice KETCHUM,
dissenting:
The majority opinion ignores the plain language of our statutory law squarely dealing with the facts presented in this case. It ignores the statute’s plain language and relies upon a 1914 case that interprets a different statute.
Hartford is the surety on a mortgage lender bond and mortgage broker bond. Default judgment was entered against the principals on these bonds. Hartford was given no notice of the suit or application for default judgment. The majority is allowing the default judgment to be enforced against Hartford which did not have the opportunity to defend the suit or demonstrate that the suit had no merit.
W.Va.Code, § 45-1-3 plainly covers the facts presented. It provides that any surety shall be given notice and the opportunity to defend an underlying suit before judgment can be enforced against the surety. The statute makes no distinction between types of sureties and bonds, i.e., performance, judgment or other type bonds. Specifically, the statute states:
... no judgment ... in any suit ... to which the surety ... was not a party regularly served with process, shall be in any wise binding on such surety, ... notwithstanding such judgment ... the surety ... shall be allowed to make any such defense in any ... suit ... instituted *611 against [the surety] ... as could have been made in the suit in which such decree, judgment or recovery was had.
Hartford plainly had the right to defend the merits of the suit against the principal. To hold otherwise not only violates our statutes but creates unfairness and the opportunity for collusion.
It is unfair to bind the surety when the principal is out of business and has no interest in defending the suit. The majority opinion also allows plaintiffs to obtain collusive consent judgments against the principal in return for the promise to only enforce the judgment against the surety who is unaware of the suit. We remedied this problem in liability insurance cases. In Horkulic v. Galloway, 222 W.Va. 450, 665 S.E.2d 284 (2008), we held that a consent or confessed judgment against an insured party is not binding on that party’s insurer in subsequent litigation against the insurer where the insurer was not a party in the suit in which the consent or confessed judgment was entered.
The majority opinion is unfair to insurance companies that act as sureties for companies that are required to have bonds before they can do business in West Virginia.